IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

MAY 0 2 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Russell Armfield # R27043
(Full name and prison number)
(Include name under which convicted)
PETITIONER

vs.

Warden Watson, (STATE OF Ill.)
(Warden, Superintendent, or authorized
person having custody of petitioner)
CUSTODIAN, and

(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

CASE NO:_____
(Supplied by Clerk of this Court)

1:17-cv-3331
Judge Thomas M. Durkin
Magistrate Judge Jeffrey Cole
PC 10

Case Number of State Court Conviction:

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered:
   Cook County Circuit Court  2700 S California Chicago IL 60608

2. Date of judgment of conviction:
   June 15 2007

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   First degree Murder

4. Sentence(s) imposed: Thirty Three Years 100%

5. What was your plea? (Check one)   (A) Not guilty (X)
                                     (B) Guilty ( )
                                     (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 11/03/11

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one): Jury (✓) Judge only ( )
2. Did you testify at trial? YES ( ) NO (✓)
3. Did you appeal from the conviction or the sentence imposed? YES (✓) NO ( )

   (A) If you appealed, give the
   
   (1) Name of court: IL, Appellate Court First District
   (2) Result: Conviction Affirmed
   (3) Date of ruling: 4-17-09 OR 2-19-09
   (4) Issues raised: Bruton Violation

   (B) If you did not appeal, explain briefly why not:

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (✓) NO ( )

   ( ) If yes, give the
   
   (1) Result: Decision Affirmed Leave denied
   (2) Date of ruling: Sept 30 2009
   (3) Issues raised: Bruton Violation

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ) No (✓)
   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES (✓)   NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court: __Circuit Court of Cook County__

    B. Date of filing: __March 23 2010 and a Supplemental on March 29 2010__

    C. Issues raised: __Ineffective Assistance of Counselor on Direct Appeal, Violated 6th amendment. The Cumulative Impact of Defense Counselor errors Violated the 6th amendment Right to Counsel and 14th amend. Counselor failure to Exclude Irrelevant or Prejudical Evidence Violated →__

    D. Did you receive an evidentiary hearing on your petition?   YES ( )   NO (✓)   (Exb(1))

    E. What was the court's ruling? _____

    F. Date of court's ruling: _____

    G. Did you appeal from the ruling on your petition?   YES (✓)   NO ( )

    H. (a)   If yes, (1) what was the result? __Ruling Affirmed__

            (2) date of decision: __Oct-17-2012__

      (b)   If no, explain briefly why not: _____

    I. Did you appeal, or seek leave to appeal this decision to the highest state court?

    YES (✓)   NO ( )

      (a)   If yes, (1) what was the result? __Leave Denied__

            (2) date of decision: __Nov, 2 2016__

      (b)   If no, explain briefly why not: _____

- The 6th amendment right to Counselor.

Ineffective Assistance of Appellate Counselor, failed to Raise Ineffective Trial Counselor for failing to object to Prosecutors Inflammatory and Prejudicial Closing argument violating the 6th and 14th amendment.

Ineffective assistance of Trial Counselor where he Pointed an weapon at the Jury unintentionally.

Ineffective Assistance of Counselor failure to object to Irrelevant and Prejudicial evidence that was Improper, when Prosecutors told the Jurors State Witness Yakirah Robinson Signed a Refusal to Prosecute

Ineffective assistance of Counselor Violating the 6th and 14th amendment where Counselor failed to object to State introducing improper hearSay where forensic Scientist Melissa Nally would tie in the weapons to this Case, where all Detectives and Government employees denied ever sending it to Ms. Nally, Breaking it Chain of Custody and also making it impossible She Could have Known they were from the Al Copeland Case

Prosecutorial Misconduct denial of a fair trial by Commenting during opening arguments on evidence that was not Proven to exist denying Petitioner the Right of the 14th amend. that Guns was found in a car outside the County Jail/Courthouse in a Car nelson, Tyrene was in

Evidence insufficient to Prove Guilt that Defendants Caused the death of Copeland

Evidence insufficient to Prove Accountability and Accountability was improper against Petitioner, who was established as an Principal offender, nor was it argued against Him, or that he Shared a Common Design with the actual killer.

EXb(1) Ineffective Assistance of Counselor failure to Impeach State Witness Kawanna Jenkins with Contradictory documents on Statements She made.

PG 3.5

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?  YES (✓)  NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding          State Habeas Corpus
   2. Date petition filed           Feb/10/2017
   3. Ruling on the petition        leave denied to file
   4. Date of ruling                March 28 2017
   5. If you appealed, what was the ruling on appeal?   Pending
   6. Date of ruling on appeal      _____
   7. If there was a further appeal, what was the ruling?   _____
   8. Date of ruling on appeal      _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?  YES ( )  NO (✓)

   A. If yes, give name of court, case title and case number: _____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____
      (2) Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?  YES (✓)  NO ( )

   If yes, explain:

   I filed a State habeas Corpus with Issues I Raised in my Post Conviction Petition but was omitted by the Appellate Counselor either with my disapproval or without my knowledge as well as an Issue that was Referenced in another Claim Argument but now has been submitted to the IL Supreme Court as an Direct Claim argued per`se which is Ground (5) of this Petition

4

## PART III – PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one **Ineffective Assistance of Appellat Counsel Failure To Challenge Sufficiency of Evidence and Prove Causation**
Supporting facts (tell your story <u>briefly</u> without citing cases or law):

Petitioner and Co-Defendant Tyrene Nelson were both Alleged to have Shot and Killed AL Copeland. Facts Proven Both Defendant Ran directly to the Corner of 4600th and Leclaire and as Copeland Car approached the Corner both Defendants began Shooting. Proven facts also established Prior to ever reaching the location of Defendants MR. Copeland was Stopped midway up the block and Shot by an unknown unidentified Assailant who was never Connected to nor Shown to be the Defendants M.E. DR. Choi Said .40 caliber bullets was Recovered from the Victim body, and Shot by the Guy who Stopped Copeland midway up the Block, Petitioner was found to not have Personally discharged a firearm during the Commission of the offense, and Co-Defendant Nelson was Proven to have been in Posession of an .9mm. Prosecutors failed to Prove either Defendant or Co-Defendant were the "Cause" of Copeland Death

(B) Ground two **Ineffective Assistance of Appellate Counselor faile to challenge Sufficiency of Guilt under Accountability**
Supporting facts:

Petitioner was Charged and tried for knowingly and Intentionally Shooting and Killing AL Copeland, Prosecutors failed to Prove either Petitioner or Co-Defendant Nelson, Shot and Killed al Copeland. Tyrene Nelson was Connected to 9mm Casings found on the Corner at 4600 Leclaire. Petitioner was acquitted of Personally discharging a firearm during the Commission of the offense. Prosecutors failed to Prove either Armfield or Nelson Caused the Death of Al Copeland, and failed to Prove them Guilty of Accountability Theory There is no evidence to hold either Guilty for the actions of the other, as the evidence Refutes That either were the Cause of Copelands death, Record evidence Shows an unknown unidentified Assailant Unconnected to the Defendants Shot Al Copeland midway up the block before he ever Reached the location of Defendants. A Prima facie was never established against the Defendant and was Acquitted of the only Act of Participation Alleged against Him of Personally discharging a firearm

5

Revised: 11/03/11

(C) Ground three __Bruton Violation / Crawford__
Supporting facts:

During Jury Deliberations and After informing the Court of an Impasse approx. 8hrs in, Juror requested Certain witnesses transcripts, over objection they were sent to the back. Along with those transcript were the Opening Argument by the State in Co-De-Nelson Trial who Petitioner was Severed from. Stating "ladies and Gentlemen, You're also Going to see A Statement given to a Cook County ASA that was Videotaped of This Defendant [Nelson] Confessing to shooting Al Copeland and laying out essentially the Same facts That I Just told You. You will See him tell You how he and his Partners Murdered Al Copeland in his own words. After Receiving Such Evidence Jurors Stance went from "we have reached an Impasse further discussion will not change but Promote more hostility amongst the Jurors to Convicting The Defendant. Violating the Severance and Confrontation Clause.

(D) Ground four __Prosecutorial Misconduct__
Supporting facts:

During Closing Arguments, Prosecutor Presented Improper Inflammatory Statements, making The Case into a Social Issue arguing the Crime was Committed to Invoke Terror on the Community As well as fear and Intimidation, Prosecutors used The erroneous admission of Other Crime/Bad Act Evidence that were not the Acts or Crimes Committed by Petitioner to bolster this Improper Argument, Prosecutor Argument Completely eviscerated Defendant Defense, Blaming the Defendants for the Witnesses Discrepancies when no witness Gave Such an Statement or innuendo, The Defendant was denied an opportunity to have his Guilt or innocence Properly assessed by Jurors In which Prosecutors Improper Closing Argument Gave the Jury a Reason to dismiss the Defendant Defense and To overlook any witness discrepancie Improperly Restoring Their Credibility Which was the Central Issue of The Case.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES (✓) NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

Revised: 11/03/11

(E) Ground 5 Trial counselor Ineffective, failure to object to Irrelevant or Prejudicial Other Crime/Bad Act Evidence

Supporting facts: Petitioner Co-defendants, Tyrene Nelson and Kimothy Randall were Alleged to have shot at Al Copeland earlier in the evening of Aug 17 2004. During Pretrial hearings (TR 12c-13c) Defense Counselor Frederick F. Cohn Attempted to have this evidence Barred against Armfield, but Referred to him as [Randall], which may had Confused the Judge, as it was clear [Randall] was the alleged Shooter, but, in Referring to Armfield as Randall Prosecutor Eric Leafblad was aware of the name mix up. ASA Eric Leafblad in an attempt to mislead the Judge into allowing this evidence in against Petitioner "Stated well Williams Said Randall was acting as what he thought was a look out. Counselor Cohn immediately interjected stating "well he said he Just saw him Standing there" Eric Leafblad Concurred stating "Right" acknowledging this was an accurate description of what Williams Stated about (Armfield). Trial Counselor went on to say, "Doesn't see Randall doing anything, talking to the other People, making any Gestures..." ASA Leafblad never disagreed. Evidence was admitted still. During Trial on Direct Examination of Williams by Prosecutor, Williams once again Stated it was (KJ) Kimothy Randall and (T-Y) Tyrene Nelson Shooting at Copeland, when Prosecutor's asked Williams about (Rusty) Russell Armfield he became Oblivious of who they were speaking of and stated "I never told Ya'll anything about him," Ya'll, asked me about a Gentlemen, I told Ya'll I don't Know if he had anything to do with it he was down the Street... I never said he was with them. ¶ This statement by Williams is Concurrent to the Description Counselor Cohn gave of Williams during Pretrial discussions in which ASA Eric Leafblad Concur'd and Stated "Right".

During direct Exam of Williams, out of frustration from Williams failure to Implicate Armfield, Prosecutor's would deliberately adduce Perjury and violate the Confrontation Clause to get in front of the Jury what is (Tantamount and Devastating direct testimony) by Saying, "Isn't it true, You said Armfield was acting as what You thought was a look out." This other Crime/bad Act evidence was Prejudicial, Up into the Perjury by the Prosecutor no evidence existed of Petitioner Involved or Participating, Counselor failure to object to this Perjury and lead on question should have been obvious, as he interjected at Pretrial when ASA Leafblad Attempted to mislead the Courts with this same Mockery. A Denied Petitioner Due Process and a fair Trial.

(F) Ground Six  Counselor Ineffective, failure to object to Prejudicial or Irrelevant Other Crime/Bad Act Evidence

Supporting facts: Trial Counselor was ineffective for failing to object, to the admission of another crime involving only Co-Defendant Tyrene Nelson eight months after the actual Homicide. Our Trials were Severed, State Witness Ty/Kima Walker Gave an statement about an Unrelated Shooting neither Petitioner nor Kimothy Randall were involved or implicated in, this alleged Shooting happened in front of the Cook County Jail. and formed a basis for Prosecutor's to argue "They Shoot at People in front of this building, in broad daylight, full of Sheriffs and Police, thats why witness are afraid to testify against them. Prosecutors used both these Other Crime/Bad Act evidence to establish a false motive, Argue witnesses were intimidated by these action and as an Exscuse for Witnesses Discrepancies. Both Armfield and Randall Trials were severed from Nelson's and both had been incarcerated for numerous month at the time of this Crime Occurence, this incident was very Prejudicial and Irrelevant to all Defendants except Tyrene Nelson, the only one of The Defendants Accused by the victim of being involved, It's Prejudicial Value Vastly outweighed the Probative Value, as it Provided none against the Defendants only Tarnished their Character, and Prejudice and eviscerated our Defence

(G) Ground Seven  Ineffective Assistance of Counselor failure to object to Three Unconnected Weapons

Supporting facts: Three weapons were allowed in Defendant trial, Two of which were Irrelevant and had no connection to the Defendant or the Case at all, and one that casings matched casings found on the scene of the Crime, but was connected to Co-Defendant Tyrene Nelson, who Defendants Trial were Severed from, These weapons Prejudicial value outweighed it's Probative Value, None were the murder weapon and two had no relevancy at all, Three Guns being allowed in the Courtroom along with three Defendants on trial for Murder along with Prosecutor's arguing "they're Intimidator's", "They terrorize the Community", They tried to take over the neighborhood was very Prejudicial and weighed heavy on the Juror's judgment of our Character.

(H)
Ground 8 Trial Counselor Ineffective, failed to Impeach Kawanna Jenkins with Prior Inconsistent Statements.

Supporting Facts: On the nite of the Homicide Jenkins spoke to detectives at the scene, and stated "After AL pulls off from her House, he gets to the corner, she see a male black in all black on the corner, and heard shooting, and then a bunch of shots". Never mentioned additional culprits nor of a Guy flagging him down midway from her house and the Corner nor of this assailant firing a gun while his car door was ajar. _____. Eight months after the incident, Jenkins spoke to Detectives again. _____ April 2005, and she stated "she sees a male black in all black on the corner and another male black in another location", never mentions him getting midway to the Corner a Guy flagging him down, him opening his car door and this Guy opening fire on him in this testimony she only mentioned the one shooter on the corner, consistent with her initial statement from the nite of the homicide. Now During her trial testimony approx. Three Years after the incident she mentions, he get's a couple houses down from her house. A male black in all black flagg's him down, he stopps opens his driver door and the Guy starts shooting, he pulls off get's to the corner and another guy starts shooting and chasing behind him.

This was the first time Jenkins mentions multiple shooters or of a Guy flagging him down, then shooting him midway up the block, Previously she spoke to Detectives twice, and never mentions this incident of him being flagged down or of multiple shooters, each time prior to her trial testimony, 'he pulled off from her house got to the corner and a male black in all black began shooting' her trial testimony was fabricated as if she was coached to be Corroborate~~d~~ the Crime scene and Given these detail's By some one, Trial Counselor failed to Impeach or Cross Examine her on any matter, Knowing the Central Issue of the case was witnesses credibility, and His Defence was to discredit witnesses and the states case, there is no strategic Reason in allowing Jenkins to fabricate a story without impeaching her with available Contradicting Evidence, except His own admission (R-R204E) "That he did not pay attention to what went on during The Trial". "Literally".

**(I) Ground Nine** Trial Counselor Ineffective, failed to Request Redaction of Ayeshia Floyd Grand Jury Transcript, Labling Defendant as an Gang

**Supporting Facts:** Prior to trial, Counselor filed an Motion in limine to exclude any Reference of this crime being Gang Related, as there was no evidence to Support this theory, which Prosecutors agreed. Allowing these transcripts into the Jury Room, during deliberations Apprising Jurors of our supposedly Gang involvment, was Prejudicial to the Defense and beneficial to the State's Case, and Corroborative to the Prosecutors theory, that this Crime happened to Put the neighborhood on notice, that we were taking over, (TR 246-E) that witnesses and Residents weren't Safe, even with US being locked up (TR 259E) That the threat wasn't Removed. Witnesses Refuse to Co-Operate, when they have to go back to the neighborhood... where friends of the Defendant live (TR-R 217E). Apprising the Jury of Gang Involvment make the liklihood of our friends, frightening witnesses more likely, makes this false Motive of Taking over the Community, Trying to Invoke Terror, fear and Intimidation, Probable. And Portrayed us as Nino Brown like Characters from the Movie (New Jack City). There was no evidence of Our Gang Involvment nor that this was Gang Related. Presenting us as Gang Members, Gives a whole lot of Perspective, to the State's Conjectured and Surmised Theory of Motive and witnesses Reluctance to Co-Operate

**(J) Ground Ten** Cumulative Impact of the Plethera of Trial Errors by both Defense and Prosecutors.

**Supporting facts:** Defense Counselor, literally told the Court, "He did not Pay attention to what went on during the trial (TR-R 204E) He failed to cross examine State Witness Kawanna Jenkins with Known Contradictory Prior Statements, as Raised in Ground (H). failed to object to the admission of Three Unconnected weapons in trial, knowing the U.U.W. Count was Nolle Prosse and neither was Connected to either of His Clients as Raised in Ground (G) failed to object to Prosecutor knowingly adducing PerJury during the direct exam of Willie Williams as Referenced in Ground (E) or object to the Irrelevant and Prejudice other Crime/Bad Act evidence that Petitioner was never connected to or Involved in Raised in the same Ground or to the other, Irrelevant and Prejudicial other Crime/Bad Act Evidence Raised in Ground (F). Failed to object to Prosecutors Improper and Inflammatory Closing Argument Remarks. Failure to object to Prosecutors Violating the Motion in limine, that they would not ask Sinquis Prosper 'what she thought was in the hood' Due to Speculative Opinion on "Thought"

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  Was Bonded over Through Indictment

(B) At arraignment and plea  _____

(C) At trial  Frederick F. Cohn

(D) At sentencing  Frederick F. Cohn

(E) On appeal  Frederick F Cohn

(F) In any postconviction proceeding  Robert C. Drizin — Appeal Sharifa Rahmany

(G) Other (state):  _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?
YES ( )   NO (✓)

Name and location of the court which imposed the sentence:  _____

Date and length of sentence to be served in the future  _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: April 27th 2017
(Date)

_____
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Armfield, Russell
(Signature of petitioner)

R 27043
(I.D. Number)
2500 RT. 99 South
MT. Sterling, IL 62353
(Address)

7

Revised: 11/03/11



IN THE UNITED STATES DISTRICT COURT
FOR THE **NORTHERN** DISTRICT OF ILLINOIS

**People of The State of Illinois**
        Plaintiff,

v.

**Russell Armfield**

        Defendants.

No. _____

The Honorable

_____,
Judge Presiding.

## NOTICE OF FILING

TO: U.S. District Court, Northern District of IL.
Eastern Division 219 S Dearborn, 20th FLR
Chicago, IL 60604

PLEASE TAKE NOTICE that on or before the **27th** day of **April**, **2017**, I shall file with the Clerk of the U.S. District Court For The **NORTHERN** District of Illinois, the attached Plaintiff's **Federal Habeas Corpus Presenting (10) TEN Claims**, a copy of which is hereby served upon you.

By: **Russell Armfield**
Register Number **R27043**
Post Office Box ████, 2500 RT 99 South
**Western**, Illinois ████ 62353

## CERTIFICATE OF SERVICE

I, **Russell Armfield**, being duly sworn aver that I have served copies of the foregoing to the person named above by placing such copies in the U.S. **Mailbox at Western IL.** Correctional Center on the **27th** day of **April**, **2017**; postage prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

**Russell Armfield**
Affiant/